```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

LAWRENCE HOLLEY,              )
                              )
          Petitioner          )
                              )
              v.              )     No. 3:08cv0369
                              )
SUPERINTENDENT, MIAMI         )
CORRECTIONAL FACILITY,        )
                              )
          Respondent.         )

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Pursuant to Rule 4, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

BACKGROUND

Petitioner Lawrence Holley, a prisoner confined at the Miami Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to the petition, Holley was convicted in 2005 of Dealing in cocaine, possession of

marijuana, and possession of paraphernalia, and sentenced to forty years imprisonment. His conviction and sentence were affirmed on appeal. On July 12, 2007, he filed a petition for post-conviction relief, but has not yet received a ruling on that petition. His petition for writ of habeas corpus presents only issues that he placed before the state court in his petition for post-conviction relief.

DISCUSSION

Section 28 U.S.C. 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999). Holley concedes that he has not yet exhausted his state court remedies on the issues he seeks to present in this petition. He asserts that he should be excused from exhausting his state court remedies as to these claims because of delay in dealing with his petition for post-conviction relief.

According to Holley, he filed his petition for post-conviction relief on July 12, 2007, and his petition still pends in the state trial court. Holley asserts that his post-conviction petition has been the victim of "an obvious inordinate delay caused by the Indiana Public Defender's Officer." (Petition at p. 4).

Where delay by state courts in dealing with a prisoner's state court proceedings has been inordinate, a Federal Court may excuse the failure to fully exhaust those claims. If a delay "is not justifiable, the court must hear the habeas petition on it merits." *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). To proceed to the merits of the habeas petition, the delay must be both inordinate and unjustifiable. *Id.* In *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981), the court held that where a petitioner's motion for post conviction relief "had lain dormant for nearly three and one-half years despite his attempts by writing to the state court judge, to obtain a ruling on his motion," the district court should consider whether there has been inordinate delay justifying excusing the exhaustion requirement.

The fact that the state procedure is time-consuming, however, is not a *per se* reason for federal intervention. *Wilson v. Rowe*, 454 F.2d 585, 587 (7th Cir. 1972). There is no bright line rule that determines when a delay passes from reasonable to inordinate. But the time alleged by Holley is less than any period of time found by the Seventh Circuit to have been inordinate. *See e.g.,*

3

*Dozie v. Cady*, 430 F.2d 637,638 (7th Cir. 1970) (delay of seventeen months may have been inordinate). Moreover, the cases in which the federal courts have found inordinate delay have dealt with circumstances where the state court has refused to process a prisoner's post-conviction petition. *See Lowe v. Duckworth*, 663 F.2d at 43. But according to Holley, the delay in dealing with his petition for post-conviction relief has been caused not by the state court or its staff, but because the state public defender is "overbooked." (Petition at p. 4). Holley filed his petition for post-conviction relief *pro se*, but the state court appointed him counsel at his request. (*Id*).

Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. There is no suggestion here that the state's corrective process is not capable of protecting the rights of the applicant. Holley's petition does not meet the requirements necessary for this court to excuse the exhaustion doctrine because the delays have not been inordinate, and have been caused not by the court but by his election to seek counsel rather than proceeding *pro se*. Accordingly, this petition must be dismissed because the petitioner has not exhausted his state court remedies. The dismissal will be without prejudice to his right to file a new petition for writ of habeas corpus raising these claims after he has exhausted his state court remedies.

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.


**DATED: October 8, 2008**     /S/RUDY LOZANO, Judge
                               **United States District Court**